956 F.2d 970
 22 Envtl. L. Rep. 21,033
 VILLAGE OF LOS RANCHOS DE ALBUQUERQUE; Anne Bullock;
Steven Ruffennach; Edward Banks; Bill Derr; R.E. Clark;
Ann Clark; Conrad Stack; Arnold Sargeant; Kit Sargeant;
Rio Grande Valley Preservation Society, Plaintiffs-Appellants,
v.
John O. MARSH, Secretary of the Department of the Army;
Kent R. Genser, Colonel, District Engineer for the
Albuquerque District of the Army Corps of Engineers; Frank
Dunkle, Director of the United States Fish and Wildlife
Service; Manuel Lujan, Jr., Secretary of the Department of
the Interior; Henry J. Hatch, Lieutenant General; Michael
Spear, Region 2 (Southwest Region) of the Fish and Wildlife
Service; City of Albuquerque, Defendants-Appellees.
 Nos. 90-2012, 90-2026, 90-2052.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 11, 1992.
 
 Before McKAY, Chief Judge, ALDISERT,* HOLLOWAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY and EBEL, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 The appellants have filed a Petition for Rehearing and Suggestion for Rehearing en Banc to reconsider the decision rendered in our unpublished Order and Judgment of October 24, 1991. 947 F.2d 955 (10th Cir.1991). In that Order, we applied an "arbitrary and capricious" standard to review an agency determination that a proposed project would not have an environmentally significant impact sufficient to require an Environmental Impact Statement ("EIS")[1] under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq. Order and Judgment at 4 (citing Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 385, 109 S.Ct. 1851, 1865, 104 L.Ed.2d 377 (1989)). In their petition for rehearing, the appellants point out that prior to the Supreme Court's decision in Marsh, the relevant standard of review in this Circuit was "reasonableness." See Sierra Club v. Hodel, 848 F.2d 1068, 1089 (10th Cir.1988); Park County Resource Council, Inc. v. United States Dep't of Agric., 817 F.2d 609, 621 & n. 4 (10th Cir.1987) (noting circuit split on appropriate standard of review); City of Aurora v. Hunt, 749 F.2d 1457, 1468 (10th Cir.1984); League of Women Voters v. United States Corps of Engineers, 730 F.2d 579, 584-85 (10th Cir.1984); Brandon v. Pierce, 725 F.2d 555, 563 (10th Cir.1984); Jette v. Bergland, 579 F.2d 59, 64 (10th Cir.1978); Wyoming Outdoor Coordinating Council v. Butz, 484 F.2d 1244, 1248-49 (10th Cir.1973).[2]
 
 
 2
 The panel that rendered the decision denies the petition for rehearing.
 
 
 3
 In accordance with Rule 35(b), Federal Rules of Appellate Procedure, the suggestion for rehearing en banc was transmitted to all of the judges of the court in regular active service. Based upon a poll of those judges, rehearing en banc was granted limited to the single issue of the appropriate standard for judicial review of an agency's determination that a project does not have sufficient environmental impact to require an EIS.[3]
 
 
 4
 The court concludes that the appropriate standard for reviewing an agency's determination that a proposed project will not have environmental impact significant enough to require an EIS is the arbitrary and capricious standard of 5 U.S.C. § 706(2)(A).
 
 
 5
 The court summarizes the facts relevant to this issue as follows. The United States Army Corps of Engineers prepared an Environmental Assessment ("EA") of the effects of building the proposed Montano Bridge. Based on the EA, the Corps decided that the project would cause no significant environmental impact and therefore concluded that it need not prepare an EIS. The appellants brought suit, alleging among other things that the finding of no significant impact and the failure to prepare an EIS violated NEPA. The district court granted summary judgment to the appellees. In its Order and Judgment of October 24, 1991, this court affirmed the district court.
 
 
 6
 In Marsh, the Supreme Court addressed the "narrow question" of what standard the courts should use to review an agency's determination that an EIS need not be supplemented. Marsh, 490 U.S. at 375-76, 109 S.Ct. at 1860. The Court recognized that the circuits were split as to whether to apply the arbitrary and capricious standard or the reasonableness standard and concluded that the arbitrary and capricious standard controlled. Id. at 375-77 & n. 23, 109 S.Ct. at 1860-61 & n. 23. The Court characterized that case as
 
 
 7
 a classic example of a factual dispute the resolution of which implicates substantial agency expertise.... The dispute ... does not turn on the meaning of the term "significant" or on an application of this legal standard to settled facts. Rather, resolution of this dispute involves primarily issues of fact. Because analysis of the relevant documents "requires a high level of technical expertise," we must defer to the "informed discretion of the responsible federal agencies." ... Accordingly, as long as the [agency's] decision not to supplement the [EIS] was not "arbitrary or capricious," it should not be set aside.
 
 
 8
 Id. at 376-77, 109 S.Ct. at 1860-61 (footnotes and citations omitted).
 
 
 9
 The initial decision that a project will not have significant impact and therefore will not require an EIS is no less a factual determination than the decision that new information is not significant and therefore will not require supplementing an existing EIS. See id. at 374, 109 S.Ct. at 1859 ("[T]he decision whether to prepare a supplemental EIS is similar to the decision whether to prepare an EIS in the first instance: If there remains 'major federal actio[n]' to occur, and if the new information is sufficient to show that the remaining action will 'affec[t] the quality of the human environment' in a significant manner or to a significant extent not already considered, a supplemental EIS must be prepared.") (citation and footnote omitted). Therefore, the court views the Supreme Court's reasoning as equally applicable to an agency's initial decision that a project will not have significant environmental impact.
 
 
 10
 Rather than create traps for the unwary by establishing different standards of review for similar agency actions, the court believes it preferable to use the arbitrary and capricious standard to review an agency's determination of the necessity of both an initial and a supplemental EIS, at least where the issue is whether the project will have significant environmental impact. See Goos v. Interstate Commerce Comm'n, 911 F.2d 1283, 1292 (8th Cir.1990); North Buckhead Civic Ass'n v. Skinner, 903 F.2d 1533, 1538 (11th Cir.1990) (adopting "the arbitrary and capricious standard when reviewing agency action in NEPA cases").[4] To the extent that our prior cases held that a reasonableness standard of review should be used, see Hodel, 848 F.2d at 1089; Park County Resource Council, Inc., 817 F.2d at 621 & n. 4; Hunt, 749 F.2d at 1468; League of Women Voters, 730 F.2d at 584-85; Brandon, 725 F.2d at 563; Jette, 579 F.2d at 64; Butz, 484 F.2d at 1248-49, they are inconsistent with Marsh, 490 U.S. at 375-77, 109 S.Ct. at 1860-61, and we now overrule such holdings. As the Supreme Court observed in Marsh, "the difference between the 'arbitrary and capricious' and 'reasonableness' standards is not of great pragmatic consequence"; therefore, changing to the former "will not require a substantial reworking of long-established NEPA law." Marsh, 490 U.S. at 377-78 n. 23, 109 S.Ct. at 1860-61 n. 23.
 
 
 11
 Because the court concludes that the prior Order and Judgment in this case applied the correct standard of review, the court AFFIRMS the prior judgment in that regard, which is the only issue considered in this rehearing en banc.
 
 
 12
 It is so ORDERED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation. Judge Aldisert participated in the original panel's consideration of the petition for rehearing but did not participate in the rehearing en banc
 
 
 [1]
 42 U.S.C. § 4332(2)(C)(i) requires that "all agencies of the Federal Government shall ... include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on ... the environmental impact of the proposed action."
 
 
 [2]
 A recent Tenth Circuit case, Sierra Club v. Lujan, 949 F.2d 362 (10th Cir.1991), noted the apparent conflict between Marsh and Tenth Circuit precedent. Id. at 367-68. In Lujan, we held that under the particular facts of that case, the arbitrary and capricious standard of review controlled. Id. at 368
 
 
 [3]
 The en banc court has determined unanimously that additional oral argument and briefing would not materially assist its determination. Accordingly, the rehearing is ordered submitted without reargument or further briefing
 
 
 [4]
 The Eighth Circuit held in Goos that the arbitrary and capricious standard governs review of whether significant impact existed to require an EIS. The court held, however, that the reasonableness standard would continue to control review of the "threshold issue" of whether the project involved "major federal action" sufficient to implicate NEPA. Goos, 911 F.2d at 1292. In our own circuit, courts used, prior to Marsh, the reasonableness standard to review an agency's determination that no "major federal action" was involved. See Hodel, 848 F.2d at 1089. On appeal, the parties do not raise the issue whether the Montano Bridge Roadway project involves major federal action; therefore, we do not address whether Marsh alters the standard of review of that agency determination